990 P.2d 126

**Elizabeth P. LAMBERT, Trustee Under That Unrecorded Living Trust Dated March 2, 1994, as Amended, Plaintiff–Appellee,**

v.

**Peter K. LUA, Sr.; Edward FA, also known as Ed Fa; Penisimani Teisina; Joelene Fa; and Lesieli Teisina, Defendants–Appellants,**

**and**

**Heirs and Assigns of George K. Lua; Heirs and Assigns of Lucy Leialoha Girelli; Arthur Girelli and George Nehemia Nihipali, Jr.; Paula Nihipali; Heirs and Assigns of J. Lua Kuhi, Jr.; Mary E. White; Ellin Burkland Trust; Robert White, Jr. Trust; Corporation of the President of the Church of Jesus Christ of Latter Day Saints; John and Mary Does 1–100; Doe Entities 1–100; and Doe Corporations 1–100, Defendants.**

**No. 21558.**

Intermediate Court of Appeals of Hawai'i.

Nov. 23, 1999.

Arnold L. Lum and Carl C. Christensen (Native Hawaiian Legal Corporation), on the briefs, Honolulu, for defendant-appellant Edward Fa, also known as Ed Fa.

Lorrin B. Hirano and Keith M. Yonamine (Ashford & Wriston, of counsel), on the briefs, Honolulu, for plaintiff-appellee Elizabeth P. Lambert, Trustee Under That Unrecorded Living Trust Dated March 2, 1994, as Amended.

WATANABE, ACOBA, and LIM, JJ.

Opinion of the Court by WATANABE, J.

In this quiet-title action, Defendant–Appellant Edward Fa, also known as Ed Fa (Edward), appeals from: (1) the February 19, 1997 Order of Summary Judgment in favor of Plaintiff–Appellee Elizabeth P. Lambert, Trustee Under That Unrecorded Living Trust Dated March 2, 1984, as Amended (Lambert), which declared that Edward had no interest in the real property at issue in this action, upon part of which he and his wife, Defendant Joelene Noelani Cazimero Fa (Joelene), resided (the February 19, 1997 Summary Judgment Order); (2) the February 19, 1997 Final Judgment in favor of Lambert, declaring that Edward had no interest in the real property at issue in this action (the February 19, 1997 Final Judgment); (3) the January 6, 1998 Order denying Joelene's motion for relief from: (a) the Entry of Default as to Defendant Peter K. Lua, Sr., filed on May 24, 1996, (b) the February 19, 1997 Summary Judgment Order, and (c) the February 19, 1997 Final Judgment (the Order Denying Joelene's Motion for Relief); and (4) the April 13, 1998 Order denying the motion of Edward and Joelene (collectively, the Fas) for reconsideration of the Order Denying Joelene's Motion

for Relief (the April 13, 1998 Order Denying Reconsideration).

We conclude that (1) we have no jurisdiction to consider Edward's untimely appeals from the February 19, 1997 Summary Judgment Order and the February 19, 1997 Final Judgment; and (2) the circuit court abused its discretion when it denied Joelene's Motion for Relief.

## BACKGROUND

On March 1, 1996, Lambert filed in the Circuit Court of the First Circuit (the circuit court) a complaint to quiet title, for ejectment, and for partition of certain real property located at 55–164 Kamehameha Highway, Lāʻie, Koʻolau Poko, Oʻahu, Hawaiʻi (the subject property), described more particularly as: (1) that certain parcel of land, being all of Royal Patent 1303, Land Commission Award 3741, ʻApana 4 to Waha, designated as Tax Map Key No. 5–5–1:35 and containing an area of about 0.25 acres (Parcel 35), and (2) a portion of Royal Patent 7494, Land Commission Award 8559–B, ʻApana 36 to William C. Lunalilo, designated as Tax Map Key No. 5–5–1:33 and containing an area of about 2.315 acres (Parcel 33).

In the complaint, Lambert asserted that she is the record owner of (1) "at least an undivided 5/7ths interest in [Parcel 35], having acquired such interest by conveyance from [Lambert] by Deed dated October 26, 1990, and recorded in the Bureau of Conveyances of the State of Hawaii [Hawaiʻi] as Document No. 90–175577"; and (2) "at least an undivided 19/28ths interest in [Parcel 33], having acquired such interest by conveyance from [Lambert] by Deed dated October 26, 1990, and recorded in said Bureau as Document No. 90–175576." Lambert further contended that she "may own the entire interest in the [subject] property by virtue of paper title and also by virtue of adverse possession for the required statutory time period." Lambert petitioned the circuit court to determine the owners of the subject property, decree partition of the parcels, and order the ejectment of any persons or parties residing on either Parcel 33 or Parcel 35 adjudged to

have no interest in either parcel. Lambert named Peter K. Lua, Sr. (Lua), Edward, Penisimani Teisina (Penisimani), and Mary Smith, among others, as defendants in said action. Lambert's complaint alleged that Edward and Penisimani claimed an interest in the subject property through Lua but that Lua "owns no right, title or interest in and to the [subject p]roperty."

According to Edward, two residences are located on Parcel 33. The Fas and their children have resided in one residence since February 1992, and Penisimani and Penisimani's wife, Lesieli (Lesieli), (collectively, the Teisinas) live in the other. Edward asserts that sometime in 1991, he and Joelene purchased an interest in Parcel 33 [1] from Lua for $25,000.00 pursuant to an oral agreement of sale. Subsequently, the Teisinas purchased 10,000 square feet of Parcel 33 pursuant to an unrecorded deed from Lua dated July 24, 1991 (the July 24, 1991 Deed).

## PROCEDURAL HISTORY

### A. *Entry of Default Against Lua, Edward, and Penisimani*

On March 7, 1996, Lambert's complaint was personally served on Penisimani. On March 29, 1996, Lambert filed an amended complaint, changing the name of Defendant "Mary Smith" to "Mary E. White." On May 1, 1996, Lambert's amended complaint was personally served on Edward, who accepted service for himself and for Lua and Penisimani, as their authorized agent under Hawaiʻi Rules of Civil Procedure (HRCP) Rule 4(d)(1)(B).

Edward did not file an answer to Lambert's amended complaint because, according to Edward, he relied on Lua's verbal assurances that Lua would hire an attorney "to represent all of [them] in this matter." On May 24, 1996, Lambert requested that default be entered against Edward, Lua, and Penisimani "for failure to appear and answer or otherwise plead to the [amended complaint]," and on May 24, 1996, the circuit court clerk granted the requests. On Octo-

---

1. A review of the record on appeal does not reveal the dimensions of the parcel that Defen-

dant–Appellant Edward Fa, also known as Ed Fa, allegedly purchased.

ber 12, 1996, Lambert personally served Lua with the amended complaint, and the circuit court entered another default as to Lua on November 7, 1996.

### B. *Grant of Summary Judgment and Entry of Final Judgment Against Edward, Lua, and Penisimani*

On January 3, 1997, Lambert filed a motion for summary judgment against Edward, Lua, and Penisimani. In a certificate of service attached to the motion, Lambert's attorney certified that a copy of the motion for summary judgment "will be served" on Edward at his respective address by depositing a copy of the motion in the United States mail, postage prepaid. On January 21, 1997, Lambert moved ex parte for an order allowing her to effect service by publication upon all persons upon whom she had been unable to effect service and upon all unidentified and unknown persons, firms, corporations, and other entities claiming any right, title, interest, or lien in the subject property. The circuit court granted Lambert's request that day and summoned any unknown defendants to appear before the circuit court on March 24, 1997 or to file an answer and serve it upon Lambert before that date.

On February 19, 1997, the circuit court granted Lambert's motion for summary judgment against Edward, Lua, and Penisimani (the February 19, 1997 Order of Summary Judgment) and, finding that there was no just reason for delay, entered a final judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b)[2] in favor of Lambert and against Edward, Lua, and Penisimani (the February 19, 1997 Final Judgment). In the February 19, 1997 Final Judgment, the circuit court declared that "[Edward, Lua, and Penisimani] have no in-terest in [the subject property]." Lambert recorded the February 19, 1997 Final Judgment in the Bureau of Conveyances on March 18, 1997.

Sometime in March 1997, the Fas learned that Lua had been incarcerated and that Lua had neglected to file an answer to Lambert's amended complaint. On March 17, 1997, the Teisinas recorded in the Bureau of Conveyances the July 24, 1991 Deed, pursuant to which Lua had conveyed 10,000 square feet of Parcel 33 to the Teisinas. Four days later, on March 21, 1997, Penisimani executed, then recorded at the Bureau of Conveyances, a quitclaim deed (the March 21, 1997 Deed) by which he conveyed to the Fas, as tenants by the entirety, ".023 a portion of his undivided interest and all parcels deeded to him from the following parties, ... [Lua] ...."

According to Edward, he and Joelene appeared before the circuit court on March 24, 1997 at the hearing for unknown defendants. The minutes for the hearing reflect that the circuit court ordered all parties who had made an appearance and those who were represented via power of attorney to file a written answer to Lambert's amended complaint within 30 days after March 24, 1997.

On April 15, 1997, the Fas, pro se, filed separate answers to Lambert's amended complaint wherein they each claimed a fee interest in the subject property "by intestate succession through Penisimani ..., and/or deeds, wills or other conveyances of record." On the same date, the Teisinas, pro se, also filed separate answers, wherein each claimed an interest in the subject property "by intestate succession through ... Lua, and/or deeds, wills or other conveyances of record."

---

2.  Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) provides, as follows:

    (b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

### C. *Lambert's Motion for a Writ of Ejectment*

On April 18, 1997, Lambert filed a motion for writ of ejectment against Edward and the Teisinas. Lambert pointed out that final judgment had already been entered against Edward, Lua, and Penisimani, and that Lesieli had no independent right to occupy the subject property. On June 10, 1997, Joelene submitted a memorandum in opposition to the motion for ejectment, arguing that: (1) Lambert was estopped from evicting Edward and Penisimani from Parcel 33 because Lambert, Edward, and Penisimani each obtained title to Parcel 33 through a common grantor, J. Lua Kuhi, Jr.; and (2) the Fas acquired an interest in Parcel 33 through a March 21, 1997 Deed from the Teisinas. However, Edward himself did not file or express any opposition to Lambert's motion for writ of ejectment.

### D. *Joelene's Motion for Relief from Judgment*

On August 6, 1997, over *five months* after the February 19, 1997 Final Judgment was entered but before a decision had been rendered on Lambert's motion for writ of ejectment, Joelene filed a Motion for Relief from Judgment, requesting an order setting aside (1) the May 24, 1996 Entry of Default against Edward, (2) the February 19, 1997 Summary Judgment Order against Edward, and (3) the February 19, 1997 Final Judgment against Edward.

In a memorandum in support of the motion, Joelene argued that: (1) she and Edward had a meritorious claim to title of portions of Parcel 33 because they had acquired an interest in said portions "from Peter Lua, Sr., a grandson of Makahiwa Lua, Sr., the brother J.L. Kuhi, Jr[.], also known as John Kealakuhilima Lua, Jr., who owned approximately an undivided 42% interest in Parcel 33"; (2) none of the parties who had appeared in the case would be prejudiced by the setting aside of the default judgment because (a) the Fas owned their interest in Parcel 33 as tenants by the entirety and, therefore, the default judgment against Edward could not "operate to bar [Joelene] from appearing and protecting their inter-est[,]" (b) the "amended complaint [had been] filed a little over a year ago (March 1996), and no discovery ha[d] occurred since that time[,]" (c) Lambert had only recently served notice by publication and received answers from unknown defendants responding to the notice, and (d) title to Parcel 33 had not been determined yet and the partition phase of the case had not even begun; and (3) Joelene's failure to enter the case earlier was not wilful or the result of inexcusable neglect.

In response, Lambert countered that she would suffer substantial prejudice if the default against Edward were set aside because Edward's structure on Parcel 33 violated the building code and Lambert has incurred fines for this continuing violation since 1993. Lambert asserted, "If the default is permitted to stand and the Fas are required to vacate the premises, then ... Lambert can remedy the [b]uilding [c]ode violation herself. If the default judgment is set aside, then the Fas will perpetuate the violation and create substantial hardship for ... Lambert." Additionally, Lambert pointed out that the Fas had both actual and constructive knowledge of the final judgment against Edward and Penisimani prior to the recording of the March 21, 1997 Deed.

In her reply memorandum, Joelene responded to Lambert's last point by asserting that "the filing and recording of a deed is not a prerequisite to protecting an interest in real property. The quiet title and partition statutes, [HRS c]hapters 668 and 669, allow any person 'who claims, or may claim adversely to the plaintiff, an estate or interest in real property' to appear and defend their interest. [HRS] § 669–1(a) (1995)." Alternatively, Joelene claimed that her motion to set aside judgment came well within the one-year statute of limitations set forth in HRCP Rule 60(b)(1), or the "reasonable time" requirement in HRCP Rule 60(b)(6).

### E. *The Circuit Court's Denial of Joelene's Motion for Relief from Judgment and Granting of Lambert's Request for a Writ of Ejectment*

On January 6, 1998, the circuit court entered an order denying Joelene's motion for relief from judgment and granting Lambert's

motion for a writ of ejectment against Edward and the Teisinas (the January 6, 1998 Order). In denying Joelene's motion for relief from the February 19, 1997 Final Judgment, the circuit court concluded, in pertinent part, as follows:

> (1) [Joelene's] Motion for Relief from Judgment filed 8/6/97 is denied; [Edward's] failure to respond to [Lambert's] Amended Complaint constituted excusable neglect. However, the [c]ourt finds that [Lambert] will suffer prejudice if the default is set aside. Accordingly, the motion is denied pursuant to *Dillingham Investment Corp. v. [Kunio Yokoyama] Trust,* [8] Haw.App. 226[, 797 P.2d 1316] (1990).

Regarding the writ of ejectment, the circuit court ruled:

> (2) [Lambert's] Motion for Writ of Ejectment Against Edward ..., Penisimani ..., and Lesieli ... filed 4/18/97 is granted, based on [the circuit court's] Order Granting [Lambert's] Motion for Summary Judgment entered on February 19, 1997.

The writ of ejectment actually issued by the circuit court on January 6, 1998, however, instructed the Sheriff of the State of Hawai'i (the Sheriff) "to remove ... Edward ... *and Joelene* ... and all persons holding by, through or under them forthwith and all their personal belongings from [the subject property.]" (Emphasis added.)

### F. *Order Setting Aside Default and Default Judgment Against Penisimani*

On October 6, 1997, Penisimani moved to set aside the entry of default against him, dated May 24, 1996, and the default judgment, dated March 18, 1997.[3] Penisimani argued that (1) the entry of default and the default judgment were void under HRCP Rule 60(b)(4) because Penisimani was never personally served with Lambert's amended complaint, and (2) Penisimani's failure to file a timely answer to Lambert's amended complaint was due to excusable neglect as provided in HRCP Rule 60(b)(1). On February

3, 1998, the circuit court concurred with Penisimani and entered an order setting aside the entry of default and default judgment as to Penisimani on grounds that service upon Penisimani "was not effective." The circuit court's order explicitly stated that it "[did] not affect the default judgment against [Edward]."

### G. *The Fas' Motion to Reconsider Denial of Joelene's Motion for Relief From the February 19, 1997 Final Judgment and the Grant of the Writ of Ejectment*

On January 14, 1998, the Fas filed a motion requesting that the circuit court reconsider its January 6, 1998 Order. Two days later, the Fas filed an amended motion seeking reconsideration, wherein the Fas proffered the following arguments: (1) property owned as tenants by the entirety cannot be severed without the joint consent of both husband and wife, and because the Fas owned their interest in Parcel 33 as tenants by the entirety, "th[e circuit] court cannot sever the unity of [the Fas'] ownership by ordering the default and subsequent eviction of only one member of the married couple"; (2) even assuming that the February 19, 1997 Final Judgment against Edward is valid, such a judgment does not preclude Edward from defending an ownership interest in Parcel 33 that was obtained after the February 19, 1997 Final Judgment was entered; and (3) Lambert suffers no prejudice from Edward's continued residence on Parcel 33 because Joelene continues to reside on the premise and her presence would prevent Lambert from eradicating the allegedly nonconforming structure on Parcel 33.

Lambert responded by asserting: (1) because the March 21, 1997 Deed was executed and recorded after the February 19, 1997 Final Judgment was recorded on March 18, 1997, the March 21, 1997 Deed conveyed no record interest in Parcel 33 to the Fas; (2) Joelene's actions of filing both the motion opposing Lambert's request for a writ of ejectment and the motion to set aside the

---

**3.** The record reflects an entry of default on May 24, 1996 but does not contain a default judgment against Penisimani dated March 18, 1997. The minutes for March 18, 1997 are not attached to the record on appeal. The only judgment in the record against Penisimani is the February 19, 1997 Final Judgment.

February 19, 1997 Final Judgment against Edward in her own name belies the Fas' tenants-by-the-entirety ownership claim; and (3) because the Fas have failed to make any attempt to rectify the alleged building code violations, Lambert would suffer substantial prejudice if default were set aside.

### H. *Joelene's Motion to Quash Writ of Ejectment*

On January 28, 1998, the Fas filed a motion to quash the writ of ejectment insofar as the writ included Joelene or any person holding under her. The Fas maintained that Joelene was a defendant in the case who had filed a timely answer as a party claiming an ownership interest in Parcel 33 who had not been defaulted nor had any judgment entered against her. Accordingly, insofar as the writ authorized Lambert to eject Joelene, the writ was improper. On February 2, 1998, the Fas also filed an ex parte motion for leave to file a supplemental memorandum in support of the Fas' motion that the circuit court reconsider its January 6, 1998 Order, which incorporated the arguments proffered in the Fas' motion to quash Lambert's writ of ejectment insofar as the writ included Joelene or any person holding under her.

On April 13, 1998, the circuit court denied the Fas' motion to reconsider the January 6, 1998 Order (the April 13, 1998 Order). Two days later, however, the circuit court issued an order granting the Fas' motion to quash Lambert's writ of ejectment insofar as the actual writ issued by the court on January 6, 1998 authorized the ejectment of Joelene and any person, except Edward, claiming an interest in the land under her. The Sheriff who executed the writ of ejectment reported that as of April 18, 1998, Edward had voluntarily vacated the property.

---

4. HRCP Rule 60(b) provides, in relevant part:

   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect;* (2) newly discovered evidence which by

### I. *Edward's Appeal*

On May 13, 1998, Edward filed his notice of appeal from (1) the February 19, 1997 Summary Judgment; (2) the February 19, 1997 Final Judgment; (3) the January 6, 1998 Order Denying Joelene's Motion for Relief from the Final Judgment; and (4) the April 13, 1998 Order Denying Reconsideration of the January 6, 1998 Order.

### DISCUSSION

### A. *Appellate Jurisdiction*

■ Pursuant to Hawai'i Rules of Appellate Procedure Rule 4(a)(1), a party must file an appeal within thirty (30) days after the entry of judgment or the order appealed from. An HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered. *Simpson v. Department of Land & Natural Resources,* 8 Haw.App. 16, 21–22, 791 P.2d 1267, 1271 (1990).

In this case, Edward's notice of appeal was filed on May 13, 1998, almost fifteen months after the filing of the February 19, 1997 Order of Summary Judgment and the February 19, 1997 Final Judgment. Moreover, Joelene's HRCP Rule 60(b) motion for relief from the February 19, 1997 Final Judgment was not filed within ten days from the entry of said judgment. Accordingly, Edward's appeals from the February 19, 1997 Order of Summary Judgment and the February 19, 1997 Final Judgment were untimely, and we lack appellate jurisdiction to consider these appeals.

### B. *The January 6, 1998 Order Denying Joelene's Motion for Relief*

■ In her HRCP Rule 60(b) [4] Motion for Relief, Joelene urged the circuit court to set

due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) *the judgment is void;* (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

aside its May 24, 1996 Entry of Default as to Edward. An order denying a motion for relief from judgment made pursuant to HRCP Rule 60(b) is reviewed on appeal under the abuse of discretion standard. *Hawai'i Housing Authority v. Uyehara*, 77 Hawai'i 144, 147, 883 P.2d 65, 68 (1994). "[T]o constitute an abuse of discretion[,] a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26, *reconsideration denied*, 74 Haw. 650, 843 P.2d 144 (1992) (citation omitted).

Based on our review of the record, we conclude that the circuit court disregarded rules or principles of law to the substantial detriment of Edward when it refused to set aside the May 24, 1996 Entry of Default as to Edward and, accordingly, abused its discretion when it entered the January 6, 1998 Order Denying Joelene's Motion for Relief.

### 1.

HRCP Rule 55, which relates to default, states in pertinent part as follows:

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

. . . .

(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The Hawai'i Supreme Court has stated that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a

longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not

full trial on the merits." *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976). Additionally, the supreme court has instructed that

[i]n general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The mere fact that the nondefaulting party will be required to prove his [or her] case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

*Id.* at 77, 549 P.2d at 1150 (citations omitted).

In this case, the circuit court expressly found that Edward's failure to respond to Lambert's amended complaint constituted *excusable* neglect. However, the circuit court determined that Lambert would suffer prejudice if the entry of default against Edward were set aside. The record, however, does not support the court's determination.

### 2.

Lambert claimed that she would be prejudiced in two ways if the entry of default as to Edward were set aside. First, Edward's claim of ownership and continued presence on the property would prevent Lambert from eradicating the structure on Parcel 33 in which the Fas resided and for which Lambert had received two citations for building code violations. Second, Lambert would incur additional time and expense to respond to Edward's "attempts to resurrect his claim, including his purporting to acquire[ ] *post-judgment* a fractional interest in the subject property from [Lua] through [Penisimani.]" (Emphasis in original.)

affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. . . .

(Emphases added.)

■

As to Lambert's first claim of prejudice, the record reflects that Joelene remained a defendant in the action and, indeed, had succeeded in quashing Lambert's writ of ejectment, insofar as that writ authorized the removal of Joelene from Parcel 33. Consequently, Lambert would have been unable to destroy the Fas' residence until she prevailed in her quiet title, partition, and eviction action.

■ Additionally, the Fas claim to own their interests in Parcel 33 pursuant to quitclaim deeds, as tenants by the entireties. The general rule is that "[t]here can be no severance of an estate by the entireties by the unilateral act of either spouse." 41 Am. Jur.2d *Husband and Wife* § 45, at 46 (1995). Therefore, Edward could not have unilaterally caused the severance of the Fas' alleged ownership of a portion of Parcel 33 as tenants by the entireties by failing to answer Lambert's amended complaint and having default entered against him.

■ It is also well-recognized that "unless such partition is authorized by statute, an estate by the entireties cannot, during the existence of the marital relation, be severed or partitioned by a judicial decree in a proceeding for partition." *Id.* Since Hawai'i's partition statute, HRS chapter 668, allows actions to be brought only for partition of real property held in joint tenancy or tenancy in common, HRS § 668-1 (1993), and not for estates held by the entireties, Lambert was not authorized to sever Edward's alleged interest in Parcel 33 from Joelene's interest and thereby convert Joelene's interest into a tenancy in common with Lambert.

■ As to Lambert's second claimed prejudice, the Hawai'i Supreme Court in *BDM* rejected the notion that the fact that a nondefaulting party would be required to prove his or her case without the inhibiting effect of the default would constitute prejudice that would preclude the reopening of a case.

## CONCLUSION

In sum, this court has no jurisdiction over Edward's appeal from the February 19, 1997 Summary Judgment Order and the February 19, 1997 Final Judgment. Additionally, the circuit court erred when it refused to set aside the entry of default as to Edward.

Accordingly, we dismiss Edward's appeal from the February 19, 1997 Summary Judgment Order and the February 19, 1997 Final Judgment. We also reverse the circuit court's January 6, 1998 Order Denying Joelene's Motion for Relief from Judgment and remand for further proceedings. Our disposition of this appeal renders it unnecessary to consider Edward's appeal from the circuit court's April 13, 1998 Order Denying Reconsideration of its January 6, 1998 Order Denying Joelene's Motion for Relief from Judgment.