**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000760
09-MAR-2021
09:34 AM
Dkt. 24 OGMD**

NO. CAAP-20-0000760

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U. S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE TRUST 2005-2,
ADJUSTABLE RATE MORTGAGE-BACKED PASSTHROUGH CERTIFICATES,
SERIES 2005-2, Plaintiff-Appellee, v.
THE ESTATE OF STUART D. EDWARDS also known as
STUART DENZIL EDWARDS; KELLY EDWARDS also known as
KELLY ANNE EDWARDS, INDIVIDUALLY, AND AS TRUSTEE OF THE EDWARDS
FAMILY TRUST U/D/T DATED SEPTEMBER 19, 1996,
Defendants-Appellants,
and DOES 1 through 20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC15100031K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the Motion for Order Dismissing Appeal (**Motion**), filed February 23, 2021, by Plaintiff-Appellee U.S. Bank National Association (**Bank**), the opposition thereto, and the record, it appears we lack appellate jurisdiction over Edwards's appeal from the Circuit Court of the Third Circuit, Kona Division's (**Circuit Court**) September 1, 2020 "Order Granting in Part and Denying in Part [Edwards's], et al., Non-Hearing Motion for Order for 60 Day Leave of Court to File First Amended Answer to [Edwards's] Complaint Filed January 30, 2015; and to File Counterclaim and Enjoin Necessary Parties, filed April 22, 2020" (**Order**), and November 17, 2020 order denying Edwards's motion for reconsideration of the Order (**Motion to Reconsider),**

in Civil No. 3CC15100031K, because the Circuit Court has not entered a final, appealable judgment.

An aggrieved party typically cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58.  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]").  In foreclosure cases, appellate jurisdiction over appeals is further defined by HRS § 667-51, which provides for appellate jurisdiction over, inter alia, a judgment on a decree of foreclosure.  See Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371, 390 P.3d 1248, 1258 (2017).  Here, the Circuit Court has not entered a final, appealable judgment under HRS §§ 641-1(a) or 667-51.

Further, the Order does not satisfy the requirements for an exception to the final-judgment requirement as a prerequisite for an appeal under the collateral-order doctrine, the Forgay doctrine, or HRS § 641-1(b).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (2016) (requirements for leave to file an interlocutory appeal).

Regardless, Edwards did not comply with the time requirement for filing a notice of appeal, set forth in Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1).  It appears HRCP Rule 60(b)(3) applies to the Motion to Reconsider, and a post-judgment, HRCP Rule 60(b) motion does not qualify as a tolling motion under HRAP Rule 4(a)(3).  See Simbajon v. Gentry, 81 Hawaiʻi 193, 196, 914 P.3d 1386, 1389 (App. 1996).  An exception to that general rule exists if the circumstances allow the circuit court to treat the HRCP Rule 60(b) post-judgment

2

motion as a timely HRCP Rule 59 post-judgment motion.  See, e.g., Simbajon, 81 Hawaiʻi at 196, 914 P.3d at 1389; Lambert v. Lua, 92 Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999) ("An HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered."  (citation omitted)).  However, here, Edwards did not file the Motion to Reconsider within ten days after the circuit court issued the Order.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d at 937, 940 (1995) (citations, internal quotation marks, and brackets omitted).  See HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

Accordingly, IT IS HEREBY ORDERED that the Motion is granted and this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, March 9, 2021.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge