**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000084
13-MAY-2021
09:06 AM
Dkt. 48 OGMD**

NO. CAAP-21-0000084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF WASHINGTON MUTUAL ASSET-BACKED CERTIFICATES, WMABS, SERIES 2006-HE1, Plaintiff-Appellee, v. JAN MOXLEY, Defendant-Appellant, and CITIBANK (SOUTH DAKOTA), N.A.; WELLS FARGO BANK, N.A.; Defendants-Appellees, and DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC171000292)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Upon consideration of Plaintiff-Appellee U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee, on Behalf of the Holders of Washington Mutual Asset-Backed Certificates, WMABS, Series 2006-HE1's (**U.S. Bank**) April 28, 2021 motion to dismiss appeal for lack of appellate jurisdiction (**Motion to Dismiss**), self-represented Defendant-Appellant Jan Moxley's (**Moxley**) May 7, 2021 opposition to the Motion to Dismiss, the papers in support, and the record, it appears that we lack jurisdiction over the instant appeal.

On February 24, 2021, Moxley filed a notice of appeal from the following judgment and orders entered by the Circuit Court of the Third Circuit (**circuit court**): (1) a September 28,

2020 judgment on a decree of foreclosure (**Foreclosure Judgment**); (2) a December 16, 2020 post-judgment order denying Moxley's October 13, 2020 post-judgment motion for reconsideration of, *inter alia*, the Foreclosure Judgment (**Order Denying Reconsideration);** and (3) a January 25, 2021 post-judgment order denying Moxley's December 3, 2020 post-judgment "Renewed Non-Hearing Motion Demand for Jury Trial" (**Order Denying Jury Trial**). It appears we lack jurisdiction to review the foregoing judgment and orders.

The Foreclosure Judgment was an appealable final judgment, see Hawaiʻi Revised Statutes (**HRS**) § 667-51(a)(1) (2016); but Moxley did not file a notice of appeal from the Foreclosure Judgment within the 30-day time period required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1). Moxley's October 13, 2020 and December 3, 2020 post-judgment motions did not toll or extend the time for Moxley to appeal from the Foreclosure Judgment. We construe Moxley's October 13, 2020 post-judgment motion as a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) motion for relief from judgment insofar as the October 13, 2020 post-judgment motion sought relief from the Foreclosure Judgment and was filed more than 10 days after the Foreclosure Judgment was entered. This post-judgment HRCP Rule 60(b) motion does not qualify as a tolling motion under HRAP Rule 4(a)(3). See Lambert v. Lua, 92 Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999) ("An HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered."); HRCP Rule 60(b) ("A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."). Moxley's December 3, 2020 post-judgment "Renewed Non-Hearing Motion Demand for Jury Trial" (**Motion for Jury Trial**) also did not toll or extend the time for Moxley to appeal from the Foreclosure Judgment because it is not among the tolling motions specified under HRAP Rule 4(a)(3). Accordingly, Moxley's appeal from the Foreclosure Judgment is untimely.

The circuit court's December 16, 2020 Order Denying Reconsideration, which disposed of Moxley's post-judgment October 13, 2020 HRCP Rule 60(b) motion, was an appealable final order. See Beneficial Hawaii, Inc. v. Casey, 98 Hawaiʻi 159, 165, 45 P.3d 359, 365 (2002) ("A HRCP Rule 60(b) motion pertaining exclusively to a foreclosure decree seeks to relieve the movant of its effect; therefore, we hold that the circuit court's entry of judgment disposing of such a HRCP Rule 60(b) motion is a final, appealable order.").[1]  But Moxley did not file a notice of appeal from the Order Denying Reconsideration within the 30-day time period required by HRAP Rule 4(a)(1).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").  Accordingly, we lack appellate jurisdiction to review the September 28, 2020 Foreclosure Judgment and the December 16, 2020 Order Denying Reconsideration.

The Order Denying Jury Trial is appealable,[2] and Moxley's appeal from the order is timely.  Nonetheless, we lack jurisdiction to review the Order Denying Jury Trial because the issue is moot.  "Mootness is an issue of subject matter jurisdiction." Doe v. Doe, 120 Hawaiʻi 149, 164, 202 P.3d 610, 625 (App. 2009).  "As a general rule, a case is moot if the reviewing court can no longer grant effective relief." In Re Marn Family, 141 Hawaiʻi 1, 7, 403 P.3d 621, 627 (2016) (citation

---

[1]  Although U.S. Bank argued, *inter alia*, that the December 16, 2020 Order Denying Reconsideration was not appealable because it was not reduced to a separate judgment, the separate judgment requirement in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), is "inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawaiʻi 153, 158, 80 P.3d 974, 979 (2003).

[2]  The Order Denying Jury Trial is appealable because it adjudicated all the issues in Moxley's December 3, 2020 post-judgment motion and left no further issues from that post-judgment motion for any further adjudication. See Ditto, 103 Hawaiʻi at 157, 80 P.3d at 978 ("A post-judgment order is an appealed final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished.").

omitted).  "A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (citations and emphasis omitted).

Here, Moxley's appeal from the Order Denying Jury Trial does not present a live issue, and we thus do not have jurisdiction to review it.  Moxley's December 3, 2020 Motion for Jury Trial pertains to the merits of the underlying foreclosure case, which the circuit court determined via the Foreclosure Judgment and Order Denying Reconsideration.  As noted, Moxley did not timely appeal from the Foreclosure Judgment or Order Denying Reconsideration, and we thus lack jurisdiction to review that judgment and order, which are final and binding.  Because Moxley's Motion for Jury Trial pertains to the merits of the foreclosure decree, and this court cannot review the merits of the foreclosure decree, we cannot provide any effective relief. Moxley's appeal from the Order Denying Jury Trial is thus moot. In addition, none of the exceptions to the mootness doctrine apply: public interest, see Doe v. Doe, 116 Hawaiʻi 323, 327, 172 P.3d 1067, 1071 (2007); "capable of repetition yet evading review," see State v. Tui, 138 Hawaiʻi 462, 468, 382 P.3d 274, 280 (2016); or "collateral consequences," see Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 7-11, 193 P.3d 839, 845-49 (2008).  Accordingly, we lack jurisdiction to review the Order Denying Jury Trial.

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted, and appeal number CAAP-21-0000084 is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that all pending motions in appeal number CAAP-21-0000084 are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, May 13, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

4