**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000545**
**07-MAY-2024**
**08:10 AM**
**Dkt. 429 SO**

NO. CAAP-18-0000545


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HOVEY B. LAMBERT, TRUSTEE UNDER THE HOVEY B. LAMBERT TRUST,
AN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT
DATED APRIL 5, 2002, Plaintiff-Appellee,
v.
WAHA (k); PAHUPU (k); RAHELA KANIU; GEORGE KAKELAKA LUA;
CLARENCE LUA; ROSE DAVIDSON LUA; GEORGE LUA; ARDYS LUA;
KENNETH LUA; ELLEN LUA; DELARINE TEENEY, also known as
DELIRINE GALLAGHER; VIOLET LUA, also known as
VIOLET OHUMUKINI; ARTHUR OHUMUKINI; MELODY OHUMUKINI;
SIMEON LUA, also known as SIMEON LANI LUA;
MAKAHIWA K. LUA, JR.; DAWN K.T. WASSON; JOANNA THOMPSON;
HOWARD LUA, also known as HOWARD KEAWE LUA; TONI-SUE LUA;
JEREMEY K. LUA; JOEL LUA; JENILYNNE LUA LONGI;
PATRICIA MALIA LUA MATAGI; GRAYCE DEAN; GERALDINE ROBERTS;
VICKIE PILI; FALEMAʻO PILI; JAMES LUA; PAULINE THORNTON,
also known as PAULINE LUA; ROBERT LUA; JANICE L. KAI;
JEAN P. CARSON; LAURENCE LUA; MARGO HOWLETT; ETUATE FA,
also known as EDWARD FA; JOELENE FA; MARIA LUA KAMAI,
also known as MARAEA KAMAE; LEONARD LUA; LORRAINE LUA;
LEONARD R. LUA, JR.; EVELYN MAKAVECKAS; HENRY KAMAE, JR.;
KANE KAMAE; KENNETH KAMAE; KLENNMEYER KAMAE, SR.;
HARRIET KAMAE; KAY-VOLA SHANNON; KWEN-LYNN BRANDOW;
CRAIG T. BRANDOW; HAZEL LUA NEMOTO; LAWRENCE NAOKI NEMOTO;
LARYNELL NEMOTO-HUSEMANN, also known as GIGI GALDONES;
TYRONE GALDONES; HEIDI K. KELEOPAA; KIANA N.H. JODELL;

NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

LARRY N NEMOTO, JR.; JAY H. NEMOTO; NORMA MURRAY; DAWNE BALDERSON, also known as DONNA SMITH; MAUREEN HARDIN; JOEL K. LUA; CYNTHIA LUA; SAMUEL LUA, also known as SAMUEL MASAO LUA; CAROLYN LUA; ROBERT E. MASSEY; DANIEL L. MASSEY; CAROL L. MASSEY; ROBIN ING; AMY DRUMMONDO; MAILE VANAMAN, also known as MAILILEI VANAMAN; GEORGE LUA, also known as GEORGE POOKELA LUA; KALLEN LUA; INGRED MAILE; STRAIDE LUA; LANELL LUA; WARREN LUA; ROSE KOLUANA LUA; THELMA LUA, also known as THELMA WHITE, also known as LANI WHITE; PROPERTY RESERVE, INC.; ANA TEKIATA FINAU; LUCY LEIALOHA GIRELLI; GEORGE NEHEMIA NIHIPALI, JR.; ROSEMARY MONTANO; COLLEEN CARRIER; JEFFREY LUA; HARMONY ELAM; ELIZABETH BAL; HYRUM K. YEE POONG; MARGARET-ANN LUA; MARIAN KAPANUI; ANNETTE LAMM; SAFFIRE MAKAENA; ERICA MASSETY; JUANITA KAHANU POST; KEINARD HANS POST; KEINARD K. POST; WALTER SHANNON; GEORGE SHANNON; KATHLEEN SHANNON; DEPARTMENT OF TAXATION OF STATE OF HAWAII; UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE; DEPARTMENT OF PLANNING AND PERMITTING, CITY AND COUNTY OF HONOLULU; CHILD SUPPORT ENFORCEMENT AGENCY OF STATE OF HAWAII; HAWAII PACIFIC FEDERAL CREDIT UNION; Defendants-Appellees,
and
LESIELI TEISINA, Defendant-Appellant,
and
PENISIMANI TEISINA, Intervenor-Appellant,
and
MALTBIE K. NAPOLEON, Party-In-Interest-Appellee,
and
DOE DEFENDANTS 23-80, AND ALL WHOM IT MAY CONCERN, Defendants

UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,
Defendant/Cross-Claim Plaintiff-Appellee,
vs.
GEORGE LUA; ARDYS LUA,
Defendants/Cross-Claim Defendants-Appellees,
and
DOE DEFENDANTS 23-80, Defendants/Cross-Claim Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC091002529)

2

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Lesieli Teisina (**Lesieli**) and Intervenor-Appellant Penisimani Teisina (**Penisimani**) (together, the **Teisinas**) appeal from the June 18, 2018 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order on Ownership of Parcel 33" (**Order**) filed by the Circuit Court of the First Circuit (**Circuit Court**),[1] from a jury-waived trial conducted on remand,[2] on Penisimani's claim of adverse possession from his co-tenants of a 10,000-square-foot portion of "Parcel 33," a property in Lā‘ie, O‘ahu, that was formally occupied by the Teisinas. The Circuit Court's Order concluded that Penisimani failed to prove adverse possession against his co-tenants and he thus had no interest or title in Parcel 33; and the Order confirmed title to Parcel 33 to Plaintiff-Appellee Hovey B. Lambert, Trustee under the Hovey B. Lambert Trust (**Mr. Lambert**).

On appeal, the Teisinas challenge numerous FOFs and COLs[3] in the Order, and contend the Circuit Court erred in

---

[1]     The Honorable Bert I. Ayabe presided.

[2]     In the previous appeal, the Hawai‘i Supreme Court affirmed the circuit court's ruling that Lesieli did not establish adverse possession, but vacated and remanded as to Penisimani, who had raised a genuine issue of material fact as to ownership of Parcel 33, by producing evidence supporting his defense of adverse possession. Lambert v. Waha, 137 Hawai‘i 423, 436, 375 P.3d 202, 215 (2016) (**Lambert v. Waha**).

[3]     The Teisinas challenge FOFs 7, 8, 10-17, 20, 24, 27-29, 31-34, and COLs 3, 4, 6, 10-23. With the exception of COLs 21-23, which we address, the Teisinas present no specific argument containing their reasons challenging each FOF and COL "with citations to the authorities, statutes and parts of the record relied on." Hawai‘i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). These contentions are waived. See id. ("Points not argued may be deemed waived."); Lambert v. Waha, 137 Hawai‘i at 436 n.14, 375 P.3d at 215 n.14 (concluding issue waived where "no discernible argument supporting this specific challenge is raised" in certiorari application); Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai‘i 438, 480, 164 P.3d 696, 738 (2007) (finding that the appellants failed to demonstrate error because they "do not point to

concluding Penisimani failed to prove adverse possession against his co-tenants and had no title to Parcel 33.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the Teisinas' contention as follows, and affirm.

Penisimani argues "[h]ow the trial judge reached the conclusions in **34 PDF pages 220-221** is beyond explanation and is totally contrary to the evidence and the law . . . ." The above-referenced conclusions at **"34 PDF pages 220-221"** appear to include COLs 21-23 and the Circuit Court's ultimate conclusion regarding Penisimani's adverse possession claim, which state:

> 21.   Because neither Mr. Lambert nor his mother, Mrs. Lambert,[4] were aware of the Teisinas prior to August 31, 1991, the Teisinas fail in showing the "hostile" possession and good faith elements required of a cotenant to adversely possess another cotenant's interest in a parcel.
>
> 22.   Because neither Mr. Lambert nor his mother, Mrs. Lambert, were informed by the Teisinas of the Teisinas' intent to adversely possess a portion of Parcel 33 prior to August 31, 1991, the Teisinas fail in showing the "hostile" possession and good faith elements required of a cotenant to adversely possess another cotenant's interest in a parcel.
>
> 23.   Mr. Teisina failed to carry his burden of proving by clear and positive proof that he satisfied the "hostile" possession and good faith elements required of a cotenant to adversely possess another cotenant's interest in a parcel and accordingly title to Parcel 33 is as earlier found by this Court in the Partition Decree, Teisina Order and Confirmation Order.

---

anything in the record or provide any analysis that would guide this court in determining the validity of their contention").

[4]   Mr. Lambert's mother, Elizabeth P. Lambert (**Mrs. Lambert**) was Mr. Lambert's predecessor-in-interest.  FOF 23; Lambert v. Lua, 92 Hawaiʻi 228, 990 P.2d 126 (App. 1999) (**Lambert v. Lua**).

**III. ORDER/CONCLUSION**

IT IS HEREBY ORDERED THAT:

1. Title to Parcel 33 as earlier found by this Court in the Partition Decree, Teisina Order and Confirmation Order is hereby confirmed. Mr. Teisina failed to meet his burden of proving adverse possession against his co-tenants and therefore, has no title in Parcel 33.

(Emphases and footnote added.) The COLs and the Order's ultimate conclusion are mixed questions of fact and law, which are "reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case." Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007) (cleaned up).

"In order to establish title to real property by adverse possession, a claimant must bear the burden of proving by clear and positive proof each element of actual, open, notorious, hostile, continuous, and exclusive possession for the statutory period." KaʻUpulehu Land LLC v. Heirs & Assigns of Pahukula, 136 Hawaiʻi 123, 138, 358 P.3d 692, 707 (2015) (quoting Wailuku Agribusiness Co., Inc. v. Ah Sam, 114 Hawaiʻi 24, 33, 155 P.3d, 1125, 1134 (2007)). "In cases where the party is asserting adverse possession against a cotenant, there is a special burden in proving hostile possession that requires the cotenants making a claim of adverse possession to show that they had acted in good faith in relation to their cotenants during the statutory period." Lambert v. Waha, 137 Hawaiʻi at 433, 375 P.3d at 212 (internal quotation marks omitted) (quoting Wailuku Agribusiness, 114 Hawaiʻi at 34, 155 P.3d at 1135). "Good faith under the common law typically means 'that the tenant claiming adversely must actually notify his or her cotenants that he or

5

she is claiming against them.'" Lambert v. Waha, 137 Hawai'i at 435, 375 P.3d at 214 (citation omitted). However,

> [i]n three exceptional instances, less than actual notice to cotenants may fulfill the good faith requirement: (1) where the tenant in possession has no reason to suspect that a cotenancy exists; (2) where the tenant in possession makes a good faith, reasonable effort to notify the cotenants but is unable to locate them; or (3) where the tenants out of possession already have actual knowledge that the tenant in possession is claiming adversely to their interests.

Id. (cleaned up).

Here, the parties do not dispute that the relevant dates for the 20-year statutory period to establish Penisimani's title by adverse possession under HRS § 669-1(b), are August 31, 1991 to August 31, 2011. See COLs 7, 9; Lambert v. Waha, 137 Hawai'i at 434, 375 P.3d at 213 (stating that tolling date for the 20-year statutory period was August 31, 2011, when Penisimani intervened and became a party in this action). The Order focused on Penisimani's actions prior to the start of the August 31, 1991 commencement date. Because Penisimani and the Lamberts were co-tenants, Penisimani was subject to the "special burden" to prove hostile possession of showing he acted in good faith in relation to Mr. Lambert or his predecessor-in-interest, Mrs. Lambert, "during the statutory period[,]" which commenced on August 31, 1991. See Lambert v. Waha, 137 Hawai'i at 433, 375 P.3d at 212 (cleaned up). Good faith required Penisimani to "actually notify" his co-tenants, the Lamberts, of his claim against them, unless one of the three exceptions to the good faith requirement applied. See id. at 435, 375 P.3d at 214. The Circuit Court's Order concluded, in Section II.B., that Penisimani "failed to show by clear and positive proof that his actions on Parcel 33 were actual, open, notorious, hostile, continuous, and exclusive prior to August 31, 1991." (Emphasis

6

added.)  The Circuit Court's conclusion turned on this specific time frame--prior to the August 31, 1991 commencement of the statutory period.

**COLs 21 and 22**

COLs 21 and 22 determined, inter alia, that neither Mr. Lambert nor Mrs. Lambert had knowledge or was informed that Penisimani was claiming adversely to their interest in Parcel 33 prior to August 31, 1991.

The Teisinas challenge COLs 21 and 22 as "wrong and contrary to the evidence and the earlier case started in 1996 by Mrs. Lambert[,]" Lambert v. Lua.  The Teisinas point to "the pleadings filed in the trial court" in Lambert v. Lua to argue that "Peni[simani] was a known party by virtue of his deed and claimed adverse possession from his possession creating actual and constructive notice to the co-tenants."  These arguments are unpersuasive.

Pleadings are not evidence.  Nor are **1996** pleadings relevant to whether Mr. Lambert or Mrs. Lambert had knowledge of Penisimani's adverse possession claim prior to or on the **August 31, 1991** commencement of the statutory period.  These arguments do not establish that COLs 21 and 22 are clearly errorenous. See Klink, 113 Hawai'i at 351, 152 P.3d at 523.

**COL 23 and ultimate conclusion of no adverse possession**

COL 23 and the Order's ultimate conclusion stated that Penisimani failed to prove adverse possession against his co-tenants by "clear and positive proof" of "hostile possession" and to prove the elements of "good faith" required of a co-tenant to adversely possess another co-tenant's interest. The Teisinas challenge these conclusions as "contrary" to their view of the evidence, and raise a number of arguments.  With the

7

sole exception of the argument based on the July 24, 1991 deed, which we address below, none of their arguments point to any evidence for, or relate to, the time frame focal to the Circuit Court's reasoning--i.e., prior to or on the August 31, 1991 commencement of the statutory period.[5]

The Teisinas argue that the "evidence was undisputed" that they received a deed "dated July 24, 1991" which, along with the "trial evidence plus the file in [Lambert v. Lua],"[6] constituted clear and positive proof of Penisimani's adverse possession claim.  This argument is without merit.

Here, the Teisinas' reliance on the deed as constituting actual notice for over 20 years to Mrs. Lambert or Mr. Lambert to establish Penisimani's adverse possession claim, was rejected by the Circuit Court as the fact finder.  It was properly within the Circuit Court's province to weigh the evidence, resolve all questions of fact, and to arrive at its conclusions after applying the applicable law.  See Porter v. Hu, 116 Hawaiʻi 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007) (citation omitted) (stating that decisions with respect to credibility of witnesses and weight of evidence are within province of trial judge as factfinder).  The Circuit Court determined that the Quitclaim Deed from Peter K. Lua (**Lua**), through which the Teisinas acquired their interest in Parcel 33, "although dated July 24, 1991," was not recorded in the Bureau of Conveyances of the State of Hawaiʻi until March 17, 1997.  FOF

---

[5]     The Teisinas presented arguments referring generally to "1991" as follows: "From 1991 through January of 2011, [the Teisinas] lived on the land and built a two-story house" and "used the property exclusively for over 20 years"; and "all the other co-tenants had actual knowledge that the Teisinas were occupying that property since 1991."  (Emphases added.)

[6]     We have already addressed supra why Penisimani's reliance on Lambert v. Lua is misplaced.

12. The Teisinas were informed when they received the deed from Lua that he was selling them a co-tenancy interest in Parcel 33. FOF 31. The Circuit Court found that the Teisinas never spoke to Mrs. Lambert, and only spoke to her son Mr. Lambert for the first time at the Partition Sale held on June 5, 2012. FOFs 23, 25.

To establish his claim of adverse possession, Penisimani had to actually notify his co-tenant Mr. Lambert, or the predecessor-in-interest Mrs. Lambert, prior to or on the August 31, 1991 commencement of the statutory period. See KaʻUpulehu Land, 136 Hawaiʻi at 138, 358 P.3d at 707; Lambert, 137 Hawaiʻi at 433, 375 P.3d at 212. Although the deed was dated July 24, 1991, it was not recorded as a public document in the Bureau of Conveyances until 1997. See Petran v. Allencastre, 91 Hawaiʻi 545, 556, 985 P.2d 1112, 1123 (App. 1999) (holding that "a cotenant in possession ought to have known of a cotenancy if evidence thereof existed in the Bureau of Conveyances"). On this record, the Circuit Court's conclusion that the Teisinas failed to prove Penisimani had an interest in Parcel 33 through adverse possession from August 31, 1991 to August 31, 2011 was not clearly erroneous. See Klink, 113 Hawaiʻi at 351, 152 P.3d at 523.

In light of our disposition affirming the Circuit Court's conclusion that the Teisinas failed to prove adverse possession, we need not address the remaining points of error challenging the disapproval of their supersedeas bond and the issuance of the writ of possession.

For these reasons, the Circuit Court of the First Circuit's June 18, 2018 "Findings of Fact and Conclusions of Law and Order on Ownership of Parcel 33," is affirmed.

DATED: Honolulu, Hawaiʻi, May 7, 2024.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant
LESIELI TEISINA and
Intervenor-Appellant
PENISIMANI TEISINA.

Trisha H.S.T. Akagi,
for Plaintiff-Appellee
HOVEY B. LAMBERT, Trustee
under the Hovey B. Lambert
Trust, an unrecorded Revocable
Living Trust Agreement dated
April 5, 2002.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge