914 P.2d 1386

**Leonardo M. SIMBAJON; Gaudelia R. Simbajon; Nelson R. Simbajon; and Noel R. Simbajon, Plaintiffs–Appellants,**

**v.**

**Thomas Henry GENTRY, individually; Gentry Development Company; Gentry–Pacific, Ltd.; Gentry Homes, Ltd.; Gentry Realty, Ltd.; Prime Properties, Inc.; Virginia C. Eji, individually; Theodore E. Carvalho, Sr., individually; and Shandra C. Carvalho, individually, Defendants–Appellees,**

**and**

**Does 1 through 10; Roe Corporations 1 through 5; and Doe Governmental Corporations 1 through 5, Defendants.**

**No. 17267.**

Intermediate Court of Appeals of Hawai'i.

April 24, 1996.

Thomas R. Grande and Michael K. Livingston (Davis & Levin, of counsel), on the briefs, Honolulu, for plaintiffs-appellants.

Jordan Wagner (Foley Maehara Judge Nip & Chang, of counsel), on the brief, Honolulu, for defendants-appellees, Prime Properties, Inc. and Virginia C. Eji.

Robert A. Mash (Tam & O'Connor, of counsel), for defendants-appellees, Theodore E. Carvalho and Shandra C. Carvalho (no brief filed).

Jeffrey T. Ono, Lance S. Fujisaki, and David A. Gruebner (Burke, Sakai, McPheeters & Bordner, of counsel), Honolulu, for defendants-appellees Thomas Henry Gentry, individually, Gentry Development Company, Gentry–Pacific, Ltd., Gentry Homes, Ltd., and Gentry Realty, Ltd. (no brief filed).

Before BURNS, C.J., and ACOBA and KIRIMITSU, JJ.

KIRIMITSU, Judge.

Plaintiffs–Appellants Leonardo M. Simbajon, Gaudelia R. Simbajon, Nelson R. Simbajon and Noel R. Simbajon (collectively, "the Simbajons") challenge the circuit court's order granting the motion to stay the proceedings pending arbitration and for an order compelling arbitration brought by Defendants–Appellees Prime Properties, Inc. and Virginia C. Eji (collectively, Appellees). We affirm.

## I. BACKGROUND

On April 30, 1991, Plaintiff–Appellant Gaudelia R. Simbajon offered to purchase the home of Theodore and Shandra Carvalho (Seller) by submitting a Deposit Receipt Offer and Acceptance (DROA) form. Included with the DROA is an addendum containing the following mediation/arbitration provision:

5.3 *Mediation And Arbitration.* If any dispute or claim in law or equity arises out of this DROA, Buyer and Seller agree in good faith to attempt to settle such dispute or claim by mediation under the Commercial Mediation Rules of the American Arbitration Association. If such mediation is not successful in resolving such dispute or claim, then such dispute or claim shall be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration rules of the American Arbitration Association. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

On May 3, 1991, Seller made a counteroffer which was accepted by the Simbajons.

On December 2, 1992, the Simbajons filed a complaint against Appellees, Seller, and the company that developed the property where the house was located. The Simbajons alleged, among other things, breach of an express warranty that the house was fit for its intended use. On January 11 and 15, 1992, Appellees moved to dismiss the Simbajons' complaint or in the alternative to stay the proceedings and for an order to compel arbitration.

On April 19, 1993, the circuit court filed an order granting Appellees' motion to stay the proceedings and ordered that the matter be submitted to mediation/arbitration (April 19, 1993 order).

This appeal followed.

## II. DISCUSSION

### A. *Timeliness of Notice of Appeal*

Appellees argue that the Simbajons' appeal to this court should be dismissed because the Simbajons failed to file a timely notice of appeal. We disagree.

On April 28, 1993, the Simbajons timely filed a motion for reconsideration of the April 19, 1993 order under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b). On June 28, 1993, the circuit court filed its order denying the Simbajons' motion for reconsideration. Then, on July 9, 1993, the Simbajons filed their notice of appeal challenging the April 19, 1993 order and the denial of their motion for reconsideration.

Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) provides in relevant

part that "[i]n a civil case in which an appeal is permitted by law ... the notice of appeal ... shall be filed by a party ... within 30 days after the date of entry of the ... order appealed from." However, "[i]f a timely motion under" HRCP Rules 50(b), 52(b), or 59 is brought before the circuit court, "the time for appeal for all parties shall run from the entry of the order ... granting or denying" the motion. HRAP Rule 4(a)(4).

The Simbajons' motion for reconsideration was brought under HRCP Rule 60(b); therefore, it is not a motion that extends the time in which they can file their notice of appeal under HRAP Rule 4(a)(4). However, in *Simpson v. Department of Land & Natural Resources*, 8 Haw.App. 16, 791 P.2d 1267 (1990), this court was faced with a similar situation and treated a motion for reconsideration brought under HRCP Rule 60(b) as a motion to alter or amend a judgment brought under HRCP Rule 59(e). As a result, we held that the notice of appeal was timely brought because the motion for reconsideration of the dismissal order tolled the 30-day limitations period and thus extended the time to file the notice of appeal under HRAP Rule 4(a)(4). We reasoned that such treatment was necessary to avoid the harsh result of denying appeal to a party that " 'seeks a substantive change in the judgment' " but relied on the wrong rule in their motion. *Simpson*, 8 Haw.App. at 21, 791 P.2d at 1272 (quoting 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 59.12[1], at 59–265 (2d ed.1989)).

> [Moreover, HRCP] Rule 59(e) ... provides for motions of the type that literally and technically do not fit into a motion for new trial, such as a motion for rehearing, reconsideration, or vacation of any order terminating the action prior to trial....

6 Moore's Federal Practice ¶ 56.26–1, at 56–844.

■ Applying the above reasoning here and recognizing that it is well-settled that orders compelling arbitration are appealable,[1] *Excelsior Lodge Number One v. Eyecor, Ltd*, 74 Haw. 210, 231, 847 P.2d 652, 662 (1992); *Koolau Radiology, Inc. v. Queen's*

*Medical Ctr.*, 73 Haw. 433, 442, 834 P.2d 1294, 1299 (1992); *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. 98, 105, 705 P.2d 28, 34 (1985); *Shimote v. Vincent*, 80 Hawai'i 96, 102, 905 P.2d 71, 77, *reconsideration denied*, 80 Hawai'i 497, 911 P.2d 132 (App.), *cert. denied*, 80 Hawai'i 187, 907 P.2d 773 (1995), we hold that the Simbajons timely filed their notice of appeal.

### B. Order Compelling Arbitration

#### 1. Standard of Review

■ The standard of review for determining whether the circuit court properly granted Appellees' motion to stay proceedings pending arbitration and to compel arbitration is *de novo*. Thus, we look at the same materials that were before the circuit court when it decided the motion to stay. *Koolau Radiology*, 73 Haw. at 439–40, 834 P.2d at 1298 (indicating that the standard of review on appeal is *de novo* on the question of whether the trial court erred in denying a motion to stay proceedings and to compel arbitration).

■ Generally, in deciding whether to grant a motion to stay proceedings pending arbitration, courts consider "1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement." *Id.* at 445, 834 P.2d at 1300. "If there is an enforceable agreement to arbitrate, the [circuit] court's power is limited by HRS Chapter 658." *Bateman Constr., Inc. v. Haitsuka Bros., Ltd.*, 77 Hawai'i 481, 484, 889 P.2d 58, 61, *reconsideration denied*, 78 Hawai'i 421, 895 P.2d 172 (1995). HRS § 658–5 (1993) provides:

> **No trial if issue referable to arbitration.** If any action or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under such an agreement in writing, *shall stay the trial*

---

1. Hawai'i Rules of Civil Procedure (HRCP) Rule 54(a) provides in relevant part that a " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

*of the action or proceeding* until the arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with the arbitration.

(Emphasis added.)

### 2. *Enforceable Agreement to Arbitrate*

■ On appeal, the Simbajons do not dispute the enforceability of the DROA's mediation/arbitration provision. Instead, they point out that the DROA was signed only by Gaudelia R. Simbajon. They then argue that Plaintiff–Appellant Leonardo Simbajon (Leonardo) and his two sons did not sign the DROA and "did not authorize the sole signator to the DROA contract . . . to waive their rights to seek redress in a court of law." [2]

However, the record indicates that Leonardo, in accepting Seller's counteroffer, signed the "Hawaii Association of Realtors' Standard Form[ ]" which provides that "this counter offer [sic] is hereby submitted upon the same terms and conditions set forth in said DROA including the . . . Standard Terms which are incorporated herein by reference . . . ." As a result, we hold that an enforceable agreement to arbitrate or mediate exists between the parties.

### 3. *Dispute Subject to Arbitration*

■ On appeal, we are free to interpret a clear and unambiguous arbitration clause "and apply the correct law to its enforcement." *Bateman Constr.*, 77 Hawai'i at 485, 889 P.2d at 62 (quoting *Koolau Radiology*, 73 Haw. at 447, 834 P.2d at 1301). In a situation where the scope of the coverage of the arbitration paragraph is questioned, we explained that under HRS § 658–5, "if a suit is brought upon five issues and one issue is referable to arbitration, the circuit court must stay the trial of the five issues until the one issue is arbitrated or all of the relevant parties have waived their rights to arbitration." *Rainbow Chevrolet, Inc. v. Asahi Jyuken (USA), Inc.*, 78 Hawai'i 107, 113, 890

P.2d 694, 700 (App.1995). Thus, "[w]hat issues, if any, are beyond the scope of a contractual agreement to arbitrate depends on the wording of the contractual agreement to arbitrate. The dispositive question is whether any issue in the suit is referable to arbitration." *Id.*

■ The mediation and arbitration provision of the DROA subjects "any dispute or claim in law or equity aris[ing] out of [the] DROA" to mediation, and if mediation is not successful, to arbitration. The Simbajons, in their opening brief, admit that "the[ir] Complaint alleges breach of express warranty, and . . . the warranty in issue is [in] the DROA [they] entered into" with Seller. However, the Simbajons maintain that the circuit court erred in ordering the stay because they "also allege[d] counts of negligence, breach of implied warranty, strict liability, express fraud, and fraud by omission . . . which . . . are not incorporated or contingent upon the allegations of breach of express warranty."

As admitted by the Simbajons, one issue they raised in their suit is whether there was a breach of the DROA's express warranty. Clearly, this is a dispute which arises out of the DROA. Therefore, we hold that the circuit court properly ordered to stay the proceedings pending arbitration and to compel arbitration.

## III. CONCLUSION

Based on the foregoing reasons, we affirm the circuit court's April 19, 1993 order granting Appellees' Motion to Stay Proceedings Pending Arbitration and for Order Compelling Arbitration.

---

2. The April 19, 1993 order stayed the claims of the Simbajons' two sons, but their claims were not ordered to be submitted to arbitration.

Thus, with regards to the two sons, this argument is without merit.