**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000107
15-MAR-2024
07:51 AM
Dkt. 74 SO**

NO. CAAP-19-0000107

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MĀLAMA KAKANILUA, an unincorporated association,
CLARE H. APANA, and KANILOA LANI KAMAUNU,
Plaintiffs-Appellants,
v.
DIRECTOR OF THE DEPARTMENT OF PUBLIC WORKS,
COUNTY OF MAUI, and MAUI LANI PARTNERS,
a domestic partnership, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC181000122)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiffs-Appellants Malama Kakanilua, Clare H. Apana, and Kaniloa Lani Kamaunu (**Appellants**) appeal from the January 25, 2019 Order Denying Plaintiffs' Motion for Reconsideration and Relief from Judgment (**Order Denying Reconsideration**) entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1] Appellants also challenge the January 25, 2019 Order Re Defendants' Bill of Costs (**Order Granting Bill of Costs**) and purport to challenge the October 2, 2018 Judgment of Dismissal Without Prejudice (**Judgment**).

---

[1]    The Honorable Joseph E. Cardoza presided.

Appellants raise three points of error on appeal, contending that the Circuit Court erred: (1) by approving Defendant-Appellee Maui Lani Partners' (**MLP's**) Bill of Costs more than 90 days after it was filed; (2) in dismissing Appellants' March 14, 2018 Complaint (**Complaint**); and (3) when it failed to reconsider its dismissal of Count III of the Complaint.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

(1) Appellants argue that because more than 90 days had passed, the order granting MLP's Bill of Costs was a nullity under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3).

On October 2, 2018, the Circuit Court entered the Judgment. No party timely appealed the Judgment. The Bill of Costs was filed on October 15, 2018; the Circuit Court entered an Order Granting Bill of Costs on January 25, 2019. A bill of costs under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(d)(1) does not toll the time to file a notice of appeal under HRAP Rule 4(a)(3). See Nakaoka v. Shizuru, 151 Hawaiʻi 510, 514, 517 P.3d 793, 797 (App. 2022).

On October 29, 2018, Appellants filed a post-judgment HRCP Rule 60(b) motion to reconsider and vacate the Judgment. However, Appellants' HRCP Rule 60(b) motion was not a tolling motion that triggered HRAP Rule 4(a)(3) because it was not filed within ten days of the entry of the Judgment. See Simbajon v.

2

Gentry, 81 Hawaiʻi 193, 196, 914 P.2d 1386, 1389 (App. 1996); Lambert v. Lua, 92 Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999).

Neither the Bill of Costs nor the HRCP Rule 60(b) motion triggered the 90-day limit under HRAP Rule 4(a)(3). We conclude that there was no bar to the Circuit Court's entry of the Order Granting Bill of Costs after the 90th day and no rule rendering that order a nullity. Appellants first point of error is without merit.

(2) Appellants argue, in essence, that the Circuit Court erred in dismissing the Complaint rather than granting the relief requested therein.

As noted above, Judgment was entered on October 2, 2018. Appellants filed their motion to reconsider and sought relief pursuant to HRCP Rule 60(b) on October 29, 2018, and because it was not filed within ten days of the Judgment, the HRCP Rule 60(b) motion did not toll the deadline for filing a notice of appeal. Because a notice of appeal was not filed within 30 days after the entry of the Judgment as required by HRAP Rule 4(a)(1), to the extent that Appellants seek relief from the Judgment, this appeal is untimely and we lack appellate jurisdiction. We nevertheless will consider Appellants' appeal from the January 25, 2019 Order Denying Reconsideration, as the February 23, 2019 *ex officio* filing of the Notice of Appeal is timely under HRAP Rule 4(a)(1) as to that order.

(3)  Appellants argue that the Circuit Court erred in denying reconsideration of the dismissal of Count III of the Complaint because the Circuit Court had failed to apply the appropriate "notice pleading" standard for evaluating the dismissal of Count III.  However, Appellants' HRCP Rule 60(b) motion was brought pursuant to HRCP Rule 60(b)(6).  Appellants make no argument as to their entitlement to relief under HRCP Rule 60(b)(6) and fail to acknowledge the standard of review applicable to an appeal from an HRCP Rule 60(b)(6) motion.  Rather, they simply argue, variously, that the Circuit Court applied the wrong standard when it dismissed Count III without prejudice.

However, the Circuit Court explained in the Order Denying Reconsideration that in dismissing Count III without prejudice, it *had* applied the notice pleading standard that has been the Hawaiʻi standard for many decades.  In denying HRCP Rule 60(b)(6) relief, the Circuit Court noted that although the original motion was based in part on <u>Pavsek v. Sandvold</u>, 127 Hawaiʻi 390, 279 P.3d 55 (App. 2012), the Circuit Court itself "acknowledged that all well-pleaded facts were to be accepted as true, but that the Court was not required to accept conclusory allegations on the legal effect of the events alleged."  The court noted that Count III was dismissed without prejudice.

The Circuit Court had a very large measure of discretion in passing upon a motion brought under HRCP Rule 60(b)(6) and "its order will not be set aside unless we are

persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion." Haw. Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994). A party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run must establish the existence of "extraordinary circumstances" that prevented or rendered them unable to prosecute an appeal. Id. at 148-49, 883 P.2d at 69-70. Appellants have not established extraordinary circumstances. Under the circumstances of this case, we cannot conclude that the Circuit Court's refusal to set aside the Judgment was an abuse of discretion.

For these reasons, we affirm the Circuit Court's January 25, 2019 Order Denying Reconsideration and the January 25, 2019 Order Granting Bill of Costs.

DATED: Honolulu, Hawaiʻi, March 15, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Lance D. Collins,
for Plaintiffs-Appellants.              /s/ Karen T. Nakasone
                                        Associate Judge
Kristin K. Tarnstrom,
Caleb P. Rowe,                          /s/ Sonja M.P. McCullen
Deputies Corporation Counsel,           Associate Judge
County of Maui,
for Defendants-Appellees
 Director of the Department of
 Public Works, County of Maui.

Gregory W. Kugle,
Veronica A. Nordyke,
(Damon Key Leong Kupchak Hastert),
for Defendant-Appellee
 Maui Lani Partners.