**\*\*\* FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-19-0000107
30-SEP-2025
02:35 PM
Dkt. 35 OPCD**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

MĀLAMA KAKANILUA, an unincorporated association;
CLARE H. APANA; and KANILOA LANI KAMAUNU,
Petitioners/Plaintiffs-Appellants,

vs.

DIRECTOR OF THE DEPARTMENT OF PUBLIC WORKS,
COUNTY OF MAUI; and MAUI LANI PARTNERS, a domestic partnership,
Respondents/Defendants-Appellees.

SCWC-19-0000107

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000107; CASE NO. 2CC181000122)

SEPTEMBER 30, 2025

DISSENTING AND CONCURRING OPINION BY GINOZA, J.,
IN WHICH RECKTENWALD, C.J., JOINS

I respectfully dissent from the majority's ruling that a motion based on Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b) (eff. 2006), filed twenty-seven days post-judgment, tolls the time for appeal under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3) (eff. 2020).  An HRCP Rule 60(b) motion has never been interpreted as a tolling motion under HRAP Rule

4(a)(3), except when filed within ten days of the judgment or final order and treated as a motion for reconsideration under HRCP Rule 59(e) (eff. 2000).[1]  In my view, the majority misconstrues HRAP Rule 4(a)(3) and then creates a thirty-day deadline for an HRCP Rule 60(b) motion to be a tolling motion under HRAP Rule 4(a)(3).  The majority rewrites HRAP Rule 4(a)(3) rather than apply it according to its plain meaning.

Further, although the majority relies on access to justice as a basis for its ruling, Petitioners/Plaintiffs Mālama Kakanilua, and its members Clare H. Apana, and Kaniloa Lani Kamaunu (**Petitioners**) are represented by seasoned counsel and there was no bar to them filing a notice of appeal in the normal course.  Petitioners' HRCP Rule 60(b) motion was filed within thirty days of the Circuit Court of the Second Circuit's (**Circuit Court**)[2] Judgment of Dismissal Without Prejudice (**Judgment**).  That motion, citing HRCP Rule 60(b)(6), claimed the

---

[1]  _See_ _Simpson v. Dep't of Land & Nat. Res._, 8 Haw. App. 16, 21-22, 791 P.2d 1267, 1271-72 (App. 1990), _overruled on other grounds by_, _Kaniakapupu v. Land Use Comm'n_, 111 Hawai'i 124, 139 P.3d 712 (2006) (holding that an HRCP Rule 60 motion could be treated as an HRCP Rule 59(e) post-judgment tolling motion for purposes of HRAP Rule 4(a)(4) -- the predecessor rule to HRAP Rule 4(a)(3) -- because the motion was _filed within ten days of the final order_, and it "_questioned the correctness of the order_." (emphasis added)); _Simbajon v. Gentry_, 81 Hawai'i 193, 195-96, 914 P.2d 1386, 1388-89 (App. 1996) (relying on _Simpson_ and treating an HRCP Rule 60(b) motion filed within ten days of an appealable order as a motion for reconsideration that tolled the time for appeal).  HRCP Rule 59(e) (eff. 2000) states: "Any motion to _alter or amend a judgment_ shall be filed _no later than 10 days_ after entry of the judgment."  (Emphases added.)

[2]  The Honorable Joseph E. Cardoza presided.

2

Circuit Court had incorrectly applied the law. Not only was there no valid basis under HRCP Rule 60(b)(6) for the motion, but a notice of appeal could have been filed at that time. Instead, Petitioners filed the HRCP Rule 60(b)(6) motion and then a notice of appeal one-hundred and forty-four days after the Judgment was entered. Based on its reading of HRAP Rule 4(a)(3), treating the HRCP Rule 60(b)(6) motion as a tolling motion, the majority holds that Petitioners' notice of appeal is timely and confers appellate jurisdiction to review the Judgment.

I would instead affirm the Intermediate Court of Appeals (**ICA**), which in my view correctly held that an HRCP Rule 60(b) motion is not a tolling motion under HRAP Rule 4(a)(3), Petitioners' notice of appeal was untimely as to the Judgment (having been filed more than thirty days after the Judgment), and thus the ICA lacked appellate jurisdiction to review the Judgment. I would also affirm the ICA's holding that the Circuit Court did not abuse its discretion in denying Petitioner's HRCP Rule 60(b)(6) motion (with which the majority agrees).

## I. Brief Background

This appeal originates from a dispute over the renewal of a grading permit by Respondent/Defendant Director of the Department of Public Works, County of Maui (**Director**), issued to

3

Respondent/Defendant Maui Lani Partners (**MLP**) for a residential development project between Wailuku and Kahului, Maui (**Maui Lani Project**).

On March 14, 2018, Petitioners filed a Complaint against MLP and the Director in the Circuit Court. The Complaint asserted causes of action for injunction (**Count I**), quo warranto (**Court II**), and declaratory judgment (**Count III**), and sought, *inter alia*, a declaration that "the extension of the grading permit [is] in excess of [the] authority of the Director."

On April 4 and 6, 2018, respectively, the Director and MLP filed motions to dismiss Petitioners' Complaint for failure to state a claim pursuant to HRCP Rule 12(b)(6) (eff. 2000).

On July 24, 2018, the Circuit Court entered its Order Granting Defendants' Motions to Dismiss Without Prejudice (**Order to Dismiss**), concluding that Count I failed to state a claim, Count II failed to present a viable quo warranto cause of action, and "the conclusory allegations in Counts I and II do not entitle plaintiffs to [the] declaratory relief requested" in Count III. Thus, the Circuit Court dismissed all counts in the Complaint without prejudice.

On October 2, 2018, the Circuit Court entered its Judgment.

4

On October 29, 2018, twenty-seven days post-judgment, Petitioners filed a "Motion for Reconsideration and Relief From Judgment" citing HRCP Rule 60(b)(6) and alleging the Circuit Court misconstrued the law and improperly dismissed Count III for a failure to plead sufficient factual detail. Petitioners' HRCP Rule 60(b)(6) Motion (**HRCP Rule 60(b)(6) Motion**) cited Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai'i 249, 428 P.3d 761 (2018) and asserted the Circuit Court failed to follow the notice pleading standard in dismissing Count III without prejudice.

On January 25, 2019, eighty-eight days later, the Circuit Court entered its order denying Petitioners' HRCP Rule 60(b)(6) Motion (**Order Denying Rule 60(b) Motion**).

On February 23, 2019, twenty-nine days after the Order Denying Rule 60(b) Motion, Petitioners filed their notice of appeal to the ICA.

On March 15, 2024, the ICA issued its Summary Disposition Order (**SDO**) holding that Petitioners' HRCP Rule 60(b)(6) Motion did not toll the deadline for filing an appeal under HRAP Rule 4(a)(3) because it was not filed within ten days of the Judgment, citing Simbajon v. Gentry, 81 Hawai'i 193, 196, 914 P.2d 1386, 1389 (App. 1996) and Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App. 1999). The ICA thus concluded that, because the notice of appeal was not filed within thirty

5

days of the Judgment and was untimely under HRAP Rule 4(a)(1), the ICA did not have appellate jurisdiction to review the Judgment. However, the ICA held it had jurisdiction to review the Order Denying Rule 60(b) Motion because the notice of appeal was timely as to that order, and the ICA affirmed the Order Denying Rule 60(b) Motion.

On certiorari, Petitioners challenge the ICA's ruling that the HRCP Rule 60(b)(6) Motion was not a tolling motion under HRAP Rule 4(a)(3). Petitioners also challenge the ICA's decision to affirm the Circuit Court's Order Denying Rule 60(b) Motion.

## II. Standards of Review

### A.   Interpretation of Court Rules

The interpretation of a court rule is reviewed *de novo*. State v. Choy Foo, 142 Hawai'i 65, 72, 414 P.3d 117, 124 (2018) (citation omitted). "When interpreting rules promulgated by the court, principles of statutory construction apply." Gap v. Puna Geothermal Venture, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004) (citation and internal quotation marks omitted).

Like with statutory construction, the fundamental starting point for interpreting court rules is the language of the rule itself, and if the language is plain and unambiguous our sole duty is to give effect to the plain and obvious meaning

6

of the rule. See In re AA, 150 Hawai'i 270, 284, 287, 500 P.3d 455, 469, 472 (2021) (stating standard of review for court rules and that "[b]ecause [Hawai'i Family Court Rules] Rule 24(a)(2)'s language is plain and unambiguous, effect must be given to its plain and obvious meaning" (citation and internal quotation marks omitted)); Flores v. Rawlings Co., LLC, 117 Hawai'i 153, 158, 177 P.3d 341, 346 (2008) (discussing standard of review for statutory construction).

B.    HRCP Rule 60(b)(6) Orders

"[T]he trial court has a very large measure of discretion in passing upon motions under [HRCP] Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion." James B. Nutter & Co. v. Namahoe, 153 Hawai'i 149, 161, 528 P.3d 222, 234 (2023) (citation and internal quotation marks omitted). Thus, the Circuit Court's Order Denying Rule 60(b) Motion is reviewed for an abuse of discretion. The burden of establishing abuse of discretion is on Petitioners, and a strong showing is required to establish it. See id. at 161-62, 528 P.3d at 234-35.

### III. Discussion

In my view, the ICA correctly ruled that Petitioners' HRCP Rule 60(b)(6) Motion was not a post-judgment tolling motion

7

under HRAP Rule 4(a)(3).  Thus, given that the Judgment was filed on October 2, 2018, and the notice of appeal was not filed until February 23, 2019, the notice of appeal was untimely as to the Judgment.  The ICA lacked appellate jurisdiction to review the Judgment.

The ICA was also correct that the notice of appeal was timely as to the Order Denying Rule 60(b) Motion filed on January 25, 2019, and that the ICA thus had jurisdiction to review that order.  Further, I conclude the ICA correctly affirmed the Circuit Court's Order Denying Rule 60(b) Motion.

**A.   The ICA properly held that Petitioners' HRCP Rule 60(b)(6) Motion was not a post-judgment tolling motion under HRAP Rule 4(a)(3).**

**1.   Plain Meaning of HRAP Rule 4(a)(3)**

The time for filing a notice of appeal in civil cases is governed by HRAP Rule 4(a).  The current and applicable version of the rule provides in relevant part:

> **(a) Appeals in civil cases.**
>
> (1) TIME FOR FILING.  When a civil appeal is permitted by law, the notice of appeal shall be filed <u>within 30 days after entry of the judgment or appealable order</u>. . . .
>
> . . . .
>
> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a <u>timely motion</u> for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, **and court or agency rules specify the time by which the motion shall be filed,** <u>then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion</u>. . . .  The time of appeal shall run

8

> from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.
>
> The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.
>
> The 90-day period shall be computed as provided in Rule 26 of these Rules.

(Emphases added.)

The question in this case is whether a motion purporting to rely on HRCP Rule 60(b) is a tolling motion for purposes of HRAP 4(a)(3), such that the thirty-day limit to appeal is extended. HRCP Rule 60(b) states in relevant part:

> **Rule 60. Relief from judgment or order.**
>
> . . . .
>
> (b) **Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may **relieve a party** or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying **relief from the operation of the judgment**. The motion shall be made within a **reasonable time**, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) **does not affect the finality of a judgment** or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

9

(Emphases added.)

Based on the plain language of HRAP Rule 4(a)(3), an HRCP Rule 60(b)(6) motion is not a tolling motion under HRAP Rule 4(a)(3).  First, HRAP Rule 4(a)(3) does not list a motion for "relief from judgment or order" among the tolling motions covered by that rule.  Although the majority refers to an HRCP Rule 60(b) motion as a "motion for reconsideration," HRCP Rule 60(b) instead provides that a court can "relieve a party . . . from a final judgment" for the reasons specified therein and that a motion under HRCP Rule 60(b) "does not affect the finality of a judgment or suspend its operation."  To "relieve" is far different than to "reconsider".  "Relief" is defined as a "legal remedy or redress" or "release from . . . the performance of duty."  *Relief*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/relief [https://perma.cc/N2EC-WNZD].  To the contrary, "reconsider" is defined as "to consider again especially with a view to changing or reversing[.]"  *Reconsider*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/reconsider [https://perma.cc/K5XY-GCEW].

Second, HRAP Rule 4(a)(3) requires that a tolling motion is one of the listed motions and where "court or agency rules specify the time by which the motion shall be filed[.]"

10

(Emphasis added.)  There is no specified time by which an HRCP Rule 60(b)(6) motion must be filed.  Rather, for purposes of an HRCP Rule 60(b)(6) motion, the rule provides that it "shall be made within a reasonable time[.]"  (Emphasis added.)  The terms "reasonable time" and "specified time" contradict each other.

On one hand, "reasonable time" is undefined, requires a fact-intensive inquiry, and is generally determined on the particular and unique circumstances of each case.  See Namahoe, 153 Hawai'i at 169-70, 528 P.3d at 242-23 (stating that "[u]nlike HRCP Rule 60(b)(3) fraud, which imposes a one-year time limit, a party seeking relief under HRCP Rule 60(b)(6) must bring their motion 'within a reasonable time[,]'" and recognizing that an inquiry as to what is within a reasonable time "is fact-specific and determined on a case-by-case basis.").

On the other hand, a "specified time" refers to a fixed, defined, and explicit deadline, *e.g.*, ten (10) days.  See *Specify*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/specify [https://perma.cc/46QK-MS9H] (defining the verb to "specify" as "to name or state explicitly or in detail" or "to include as an item in a specification"); *Specific*, Black's Law Dictionary (10th ed. 2014) (defining "specific" as "[o]f, relating to, or designating a particular or defined thing; explicit").  As illustrated above, there is a

11

plain and obvious difference between the terms "reasonable time" and "specified time."

Where the language of a court rule is plain and unambiguous, our sole duty is to give effect to the plain and obvious meaning of the rule. See In re AA, 150 Hawai'i at 284, 287, 500 P.3d at 469, 472. Here, the plain meaning of HRAP Rule 4(a)(3) establishes that it does not include an HRCP Rule 60(b)(6) motion as a tolling motion.

   2.   **The history of HRAP Rule 4(a)(3) shows that an HRCP Rule 60(b)(6) motion was never intended to be a tolling motion.**

The different versions and amendments to HRAP Rule 4(a)(3) over time indicate that an HRCP Rule 60(b)(6) motion was never intended to be a tolling motion under HRAP Rule 4(a)(3). The relevant "tolling" rule has been amended multiple times since its adoption.

The HRAP was adopted by order of this court in 1984, with an effective date of June 1, 1984. The 1984 version of the rule dealing with motions that tolled the appeal deadline was set forth in HRAP Rule 4(a)(4). HRAP Rule 4(a)(4) (eff. 1984)[3]

---

[3]   HRAP Rule 4(a)(4) (eff. 1984) provided:

Rule 4. APPEALS -- WHEN TAKEN

   (a) Appeals in Civil Cases.

. . . .

   (4) If a timely motion under the Hawaii Rules of Civil Procedure or the Hawaii Family Court Rules is filed

12

expressly identified the tolling motions <u>by their respective
trial court rules</u> (either under the HRCP or Hawaii Family Court
Rules), which had their own deadlines, and thus HRAP Rule
4(a)(4) simply required a "timely" tolling motion.  <u>Notably, an
HRCP Rule 60(b) motion for "relief from judgment or order" was
not among the identified tolling motions</u>.

On December 6, 1999, HRAP Rules 4(a)(3) and (4) were
substantively amended by order of this court, with an effective
date of January 1, 2000.[4]  The provision for tolling motions was

> in the circuit or district court by any party: <u>(i) for
> judgment under Rule 50(b), HRCP; (ii) under Rule 52(b),
> HRCP, to amend or make additional findings of fact, whether
> or not an alteration of the judgment would be required if
> the motion is granted; (iii) under Rule 59, HRCP, to alter
> or amend the judgment; or (iv) under Rule 59, HRCP and
> HFCR, for a new trial</u>, the time for appeal for all parties
> shall run from the entry of the order denying a new trial
> or granting or denying any other such motion.  A notice of
> appeal filed before the disposition of any of the above
> motions shall have no effect.  A new notice of appeal must
> be filed within the prescribed time measured from the entry
> of the order disposing of the motion as provided above.  No
> additional fee shall be required for such filing.

(Emphases added.)

[4]     The 1999 amendments came almost a decade after the ICA decision
in <u>Simpson</u>, 8 Haw. App. 16, 791 P.2d 1267.  In <u>Simpson</u>, the circuit court
issued a final order of dismissal and the petitioner then filed an HRCP Rule
60 motion within ten days later. The ICA held that the HRCP Rule 60 motion
could be treated as an HRCP Rule 59(e) post-judgment tolling motion for
purposes of HRAP Rule 4(a)(4) because the motion was filed within ten days of
the judgment, and it "questioned the correctness of the order."  <u>Id.</u> at 21-
22, 791 P.2d at 1271-72.

Moreover, the month before the 1999 amendments were adopted, the ICA
published its decision in <u>Lambert</u>, 92 Hawai'i 228, 990 P.2d 126, holding that
an HRCP Rule 60(b) motion filed more than ten days after a final judgment
could not be treated as a tolling motion.  <u>Id.</u> at 234, 990 P.2d at 132.

now placed under HRAP Rule 4(a)(3) (eff. 2000)[5] and the rule was

amended by, among other things, deleting the trial court rules

[5] The 1999 amendments appeared in this court's order, as follows:

**Rule 4.  APPEALS--WHEN TAKEN.**

**(a) Appeals in Civil Cases.**

. . . .

(3) [If a timely notice of appeal or cross-appeal is filed by a party, any other party not already an appellant may file a notice of appeal within 14 days after the date on which the notice of the filing of the notice of appeal or cross-appeal was served upon such party or his counsel within the time otherwise prescribed by this Rule 4(a) whichever period last expires.]

[(4) If a timely motion under the Hawai'i Rules of Civil Procedure or the District Court Rules of Civil Procedure or the Hawai'i Family Court Rules is filed in the circuit or district court by any party; (i) for judgment under Rule 50(b), HRCP; (ii) under Rule 52(b), HRCP and DCRCP, to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59, HRCP and DCRCP, to alter or amend the judgment; or (iv) under Rule 59, HRCP, DCRCP and HFCR, for a new trial; or (v) under Rule 59(g), HFCR for reconsideration, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.  A notice of appeal filed before the disposition of any of the above motions shall have no effect.  A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.  No additional fee shall be required for such filing.] *Time to Appeal Affected by Post-Judgment Motions*.  If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.  All timely post-judgment motions shall be disposed of by order entered upon the record at the same time.  The notice of appeal shall be deemed to appeal disposition of all post-judgment motions that are filed within 10 days after entry of judgment.

The 90-day period shall be computed as provided in Rule 26.

to identify a tolling motion, listing the tolling motions by name, and setting a blanket ten-day filing requirement for the tolling motions.  The rule under the 1999 amendments stated, in relevant part:

> If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]

(Formatting altered.)  A motion for "relief from judgment or order" is not among the identified tolling motions.

On May 7, 2001, HRAP Rule 4(a)(3) was further amended by order of this court, with an effective date of July 1, 2001.[6] The 2001 amendments left HRAP Rule 4(a)(3)'s ten-day filing provision in place and removed the requirement that all post-judgment motions be disposed of at the same time.[7]

---

(Formatting altered.)

[6]    On November 22, 2000, before the 2001 amendments were adopted, the ICA published its decision in Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 16 P.3d 827 (App. 2000), abrogated on other grounds by, Chen v. Mah, 146 Hawai'i 157, 457 P.3d 796 (2020).  There, the ICA noted the statement in Simpson that "any motion made within ten days of entry of judgment which seeks a substantive change in the judgment will be considered a Rule 59(e) motion which suspends the finality of the judgment and tolls the time to appeal[.]"  Id. at 430, 16 P.3d at 835 (citing Simpson, 8 Haw. App. at 21, 791 P.2d at 1272).  In Bartolome, the ICA held that an HRCP Rule 60(b) motion was not filed within ten days of two pertinent judgments and thus there was no tolling of the appeal deadline.  Id. at 430, 16 P.3d at 835.

[7]    The 2001 amended version of HRAP Rule 4(a)(3) appeared in this court's order as follows:

    **(a) Appeals in Civil Cases.**

        . . .

On June 20, 2006, HRAP Rule 4(a)(3) was amended by order of this court, with an effective date of July 1, 2006. The 2006 amendment was substantial as it removed the requirement that all post-judgment motions be filed within ten days after entry of judgment and replaced that language with a less specific "timely motion" language.[8] The 2006 amendment also

_____

(3) *Time to Appeal Affected by Post-Judgment Motions*. If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

[All timely post-judgment motions shall be disposed of by order entered upon the record at the same time.] The notice of appeal shall be deemed to appeal disposition of all post-judgment motions that are filed within 10 days after entry of judgment.

The 90-day period shall be computed as provided in Rule 26.

(Formatting altered.)

[8] The 2006 amended version of HRAP Rule 4(a)(3) appeared in this court's order as follows:

**Rule 4. APPEALS – WHEN TAKEN.**

**(a) Appeals in civil cases.**

. . . .

(3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If[, not later than 10 days after entry of judgment,] any party files a timely motion [that seeks] for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider,[vacate, or]alter or amend the judgment or order, or [seeks] for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days

16

added the following to the identified tolling motions: a motion for judgment as a matter of law, to amend findings or make additional findings, and for new trial.  The 2006 amendment also removed a motion to vacate from the identified post-judgment tolling motions.  <u>Again, a motion for "relief from judgment or order" was not included in the rule</u>.

The problem with the "timely motion" language in the 2006 amendment to HRAP Rule 4(a)(3) is that there are certain district court and family court rules pertaining to motions for costs and attorney's fees -- which are identified as tolling motions in HRAP Rule 4(a)(3) -- that do not specify a time to file such motions.  <u>See</u> District Court Rules of Civil Procedure (**DCRCP**) Rules 54(d) and 68; Hawai'i Family Court Rules (**HFCR**) Rules 54(d) and 68.  This posed the problem that such motions, filed long after a judgment or final order was entered, would still be "timely" and thus could expand the time to appeal to unknown lengths of time.

---

after the date the motion was filed shall constitute a denial of the motion.

The notice of appeal shall be deemed to appeal <u>the</u> disposition of all post-judgment motions that are <u>timely</u> filed [~~within 10 days~~]after entry of <u>the</u> judgment <u>or order</u>.

The 90-day period shall be computed as provided in Rule 26.

(Formatting altered.)

On March 7, 2016, HRAP Rule 4(a)(3) was amended by order of this court, with an effective date of July 1, 2016.  In my view, one key aspect of the 2016 amendment was to address the problem of those identified tolling motions (*i.e.*, motions for costs or attorney's fees) that did not have a specified deadline in the district court or family court.  In the 2016 amendment, the "timely motion" language was kept, but the following phrase was added, "and court or agency rules specify the time by which the motion shall be filed."[9]  Nothing in this amendment suggests

---

[9]    HRAP 4(a)(3) as amended in 2016, appeared in this court's order as follows:

> **Rule 4.  APPEALS – WHEN TAKEN.**
>
> **(a)    Appeals in civil cases.**
>
> . . . .
>
> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.[; provided, that the failure] The presiding court or agency in which the motion was filed shall [to] dispose of any such post-judgment motion by entering an order [entered] upon the record within 90 days after the date the motion was filed [shall constitute a denial of the motion].  If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity.  The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.

that it was intended to expand the types of motions that would be tolling motions. <u>Again, a motion for "relief from judgment or order" was not included in the rule</u>. HRAP Rule 4(a)(3) has not been amended since 2016.

Taking a step back, it is logical why a Rule 60(b) motion would not be a tolling motion. The listed tolling motions in HRAP Rule 4(a)(3) allow the trial court to address motions that might <u>change</u> its findings or judgment, or relate to attorney's fees or costs. This allows the trial court's rulings to be finalized for any appeal, thus the appeal deadline is tolled so these motions can first be addressed by the trial court. On the other hand, a motion under HRCP Rule 60(b) "does not affect the finality of the judgment." Rather, it provides <u>relief</u> from that judgment. There is no need for a trial court to resolve a Rule 60(b) motion to finalize the judgment for appeal.

The majority contends that this court has "recognized for over two-and-a-half decades that a motion for reconsideration can be filed pursuant to HRCP 60 (motion for relief from judgment or order)." But, the cases that the

---

The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.

The 90-day period shall be computed as provided in Rule 26 of these Rules.

19

majority relies upon for this proposition all lead back to Simpson, where an HRCP Rule 60 motion was construed as a motion for reconsideration under HRCP Rule 59(e) because it was filed within ten days from entry of a final order and questioned the correctness of the order.  See Bank of Haw. v. Kunimoto, 91 Hawai'i 372, 374 n.1, 984 P.2d 1198, 1200 n.1 (1999) (stating "Hawai'i appellate courts . . . have recognized that a 'motion for reconsideration' can be filed pursuant to HRCP Rule 59(e) . . . or HRCP Rule 60" and the only case cited dealing with an HRCP Rule 60 motion is Simpson v. Dep't of Land & Nat. Res., 8 Haw. App. 16, 21, 791 P.2d 1267, 1271 (App. 1990)); Soderlund v. Admin. Dir. of Cts., 96 Hawai'i 114, 119, 119 n.7, 26 P.3d 1214, 1219, 1219 n.7 (2001) (discussing the DCRCP as it related to motions for reconsideration and quoting footnote one from Kunimoto (citing 91 Hawai'i at 374 n.1, 984 P.2d at 1200 n.1)); Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (relying on Soderlund, which relies on footnote one from Kunimoto (citing 96 Hawai'i at 119 n.7, 26 P.3d at 1219 n.7)).

   **3.   Petitioners' arguments are not persuasive.**

      As discussed above, the plain language of HRAP Rule 4(a)(3), and its history of amendments, demonstrate that an HRCP Rule 60(b)(6) motion is not a tolling motion under HRAP Rule 4(a)(3).

Petitioners contend the ICA relied on outdated cases for the proposition that an HRCP Rule 60(b) motion can only toll the appeal period if the motion is served and filed within ten days after the judgment is entered. See Lambert, 92 Hawaiʻi at 234, 990 P.2d at 132 (citing Simpson, 8 Haw. App. at 21-22, 791 P.2d at 1271-72); and Simbajon, 81 Hawaiʻi at 196, 914 P.2d at 1389.

Petitioners argue that the case law relied on by the ICA is outdated because HRAP Rule 4(a)(3) has been amended since those cases were decided. In this regard, Petitioners simply point to the 2016 amendment adding "and court or agency rules specify the time by which the motion shall be filed" and argue a "reasonable time" under HRCP Rule 60(b)(6) somehow fits that description. In other words, with little discussion about the various amendments to HRAP Rule 4(a)(3), Petitioners' argument comes down to "a reasonable time" is a "specified time."

I respectfully disagree. As demonstrated above, the plain language of HRAP Rule 4(a)(3) does not include a motion for "relief from judgment or order" under HRCP Rule 60(b) as a tolling motion. Further, a close review of the amendments to HRAP Rule 4(a)(3) reveals no inkling to include HRCP Rule 60(b) motions as tolling motions.

Because Petitioners' Rule 60(b)(6) motion is not a tolling motion under HRAP Rule 4(a)(3), the only way it could

have been treated as a tolling motion was if it was filed within ten days of the Judgment and challenged the correctness of the Judgment or sought a substantive change. See Simpson, 8 Haw. App. at 21-22, 791 P.2d at 1271-72. Petitioners' motion challenged the correctness of the Judgment, but was filed twenty-seven days after the Judgment, and thus could not be treated as a motion for reconsideration under HRCP Rule 59(e), which has a ten-day deadline.

In Simpson, the ICA relied on principles gleaned from federal case law to support the court's holding that HRCP Rule 60(b) motions may be treated as HRCP Rule 59(e) motions:

> In order to avoid confusion, and to prevent harsh results for unwary parties, the courts have generally held that, regardless of its label, any motion made within ten days of entry of judgment which seeks a substantive change in the judgment will be considered a Rule 59(e) motion which suspends the finality of the judgment and tolls the time to appeal.

8 Haw. App. at 21, 791 P.2d at 1272 (emphasis added) (quoting 6A J. Moore, J. Lucas & G. Grother, Jr., Moore's Federal Practice, ¶ 59.12[1], at 59-265 (2d ed. 1989)); see Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir. 1982) ("Notwithstanding a plaintiff's own reliance on Rule 60(b), where a post-judgment motion is timely filed and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (citation and internal quotation marks omitted)). Contrary to Petitioners'

assertions, these principles remain good law and have not been overruled by this court.

As underscored by <u>Simpson</u>, and overlooked by Petitioners and the majority, there is a real distinction between an HRCP Rule 59(e) motion for reconsideration and an HRCP Rule 60(b)(6) motion for relief from judgment or order. That is, an HRCP Rule 59(e) motion for reconsideration not only must be filed within ten days of the judgment, but it seeks to <u>substantively change or correct the judgment</u>. To the contrary, under HRCP Rule 60(b), the judgment <u>retains finality</u>, and an HRCP Rule 60(b)(6) motion seeks "<u>relief from the operation of the judgment</u>" (not to change or correct it).

Here, the Circuit Court filed its Judgment on October 2, 2018. Petitioners filed their HRCP Rule 60(b)(6) Motion on October 29, 2018, more than ten days after the Judgment. On January 25, 2019, the Circuit Court filed its Order Denying Rule 60(b) Motion. On February 23, 2019, one-hundred and forty-four days after the Judgment, Petitioners filed their notice of appeal to the ICA.

Under these circumstances, the ICA correctly held that Petitioners' HRCP Rule 60(b)(6) Motion did not toll the deadline for filing a notice of appeal from the Judgment, and "[b]ecause [the] notice of appeal was not filed within [thirty] days after

23

the entry of the Judgment as required by HRAP Rule 4(a)(1)" the ICA did not have appellate jurisdiction to review the Judgment.

**B.    The ICA Correctly Affirmed the Circuit Court's Order Denying Petitioner's HRCP Rule 60(b)(6) Motion**

Although Petitioners' notice of appeal was untimely as to the Judgment, it was timely filed within thirty days of the Order Denying Rule 60(b) Motion, which was filed on January 25, 2019.  Thus, the ICA had jurisdiction to review this order.

I concur with the majority that the ICA properly affirmed the Circuit Court's Order Denying Rule 60(b) Motion. As noted by the ICA, Petitioners make no attempt to explain the standards under HRCP Rule 60(b)(6), why they meet the standards under the rule, and why they are entitled to relief from the Judgment in this case.  In Namahoe, this court stated that "[w]e have interpreted HRCP Rule 60(b)(6) as requiring litigants to establish the existence of 'extraordinary circumstances' that prevented or rendered [them] unable to prosecute an appeal within the reasonable time period."  153 Hawai'i at 169, 528 P.3d at 242 (citation and some quotation marks omitted).  Ironically, Petitioners argue that their HRCP Rule 60(b)(6) motion was improperly denied as if they were directly appealing from the Judgment.

24

## IV. Conclusion

Based on the foregoing, I would affirm the ICA's Judgment on Appeal filed on April 12, 2024.

/s/ Mark E. Recktenwald

/s/ Lisa M. Ginoza

